MURPHY, Respondent, vs. HOTEL PFISTER, INC., Appellant.

*March 13—April 14, 1944.*

For the appellant there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin*. *J. Stewart Murphy* of Milwaukee, for the respondent.

FAIRCHILD, J. The case was tried in the civil court and judgment was entered for respondent, a jury having found in her favor assessing her damages at $500. The judgment was affirmed on appeal to the circuit court.

Respondent's statement of facts recites that she was engaged in the advertising business; that on the day in question

she was a guest of the appellant; that while in the dining room a tray "of waste and unconsumed food and dishes were dropped on her by a passing waiter."

The damages were a resulting "big red ridge on her shoulder" and the fact that during the afternoon the shoulder became stiff. "She was upset during the afternoon and for the next couple of days her shoulder remained stiff." It also appears that respondent was embarrassed by the accident. Her well-ordered appearance was changed into a disagreeable spectacle and a pleasant visit with an old friend was sadly affected. She is entitled to recover damages. And the question is whether the amount of $500 assessed by the jury is excessive. There was injury to clothes, a bruise on the shoulder, annoyance due to disturbing her luncheon and visit with her friend, all resulting in a hysterical condition of limited duration. The chief annoyance came after the accident and from sources over which appellant had no control. She was very much bothered and humiliated by the "razzing" she was subjected to by friends who evidently considered the accident as something of a joke. We are of the opinion that the award for pain and suffering and damage to clothes is excessive. The appellant sent her a check of $7.50 for a hat and the cost of cleaning her suit was $1.15. She had no wage loss and did not need the services of a doctor. It is our conclusion that there must be a new trial unless appellant elects to permit judgment to go against it in respondent's favor for $200. This we consider the highest amount at which a fair-minded jury, properly instructed, would probably assess the damages. Within twenty days after notice of the *remittitur* of the record to the circuit court, appellant may signify its election to permit judgment to go against it for $200 or to have a new trial.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with the opinion.